RUBLE *v.* COTTRELL.

Opinion delivered January 21, 1893.

1. *Practice in Supreme Court—Abstracts.*

Where the appellant's abstract of the record purports to set out the substance of the record and is not contradicted by the appellee's abstract, it will be taken to embody the material part of the record.

2. *Guardian and ward—Surcharging accounts.*

The probate court has jurisdiction to allow a guardian a credit of fifteen dollars for the hire of a buggy for the use or benefit of his ward, and, in the absence of fraud, there is no ground for the intervention of a court of equity to set aside the judgment of the probate court allowing the credit.

Appeal from Boone Circuit Court in Chancery.

M. R. BAKER, Special Judge.

*Crump & Watkins* for appellants.

Confirmation of an account current has all the force and effect of a judgment, and can only be attacked for fraud, accident or mistake.   34 Ark. 63 ; 40 *id.* 219 ; *ib.* 393 ; 51 *id.* 1 ; 33 *id.* 727.   Errors or irregularities can only be corrected on appeal.

2.   There is no proof of fraud, accident or mistake, and the chancery court had no jurisdiction to open the settlements.

COCKRILL, C. J.   This is a suit in equity by a *quondam* ward to surcharge her late guardian's accounts, which had been approved by the probate court.

The court found for the guardian except as to one issue, and as to that found that he had fraudulently taken credit for the sum of fifteen dollars, as paid out by him for buggy hire for his ward, and gave judgment accordingly.   The guardian appealed, and files an abstract of the record in which it is stated that he specifically denied every allegation of fraud or concealment charged in the complaint, and that the record contains no testimony tending to raise even the suspicion of fraud or concealment in reference to the credit referred to. The appellee has not appeared, but leaves the abstract uncontradicted.   Under the established practice, we decline to enter upon an investigation of the record to ascertain whether proof to establish fraud was in fact adduced, but take the uncontradicted abstract as the true embodiment of the material part of the record.

*1.  Practice as to abstracts.*

In the absence of proof of fraud, the only question is, had the probate court jurisdiction to allow the guardian a credit of $15 for the hire of a buggy for the use or benefit of his ward?   If it had, there is no ground for the intervention of a court of equity to set aside the judgment of the probate court allowing the credit.   The penal sum of the guardian's bond was small ; from that

*1.  As to surcharging guardian's accounts.*

fact it may be inferred that the ward's estate was not great. Charges for expensive buggy riding for pleasure by a ward of limited estate would be an improper allowance in favor of the guardian, and it may be that such charges might be so out of proportion to the ward's ability to pay as to be evidence of fraud against a guardian who took credit for them. But that is not this case. The credit here is not great, and it may have been made to appear to the probate court that buggy riding was essential to the health of the ward, and that this expenditure was made upon the advice of her physician and relatives to promote her health. Some other state of facts may exist, but the burden of proof was on the appellee, and she has adduced none. The probate court had jurisdiction.

The judgment should be reversed, and the complaint dismissed. It is so ordered.